IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TETYANA NAZARUK,<br><br>    Plaintiff,<br><br>v.<br><br>eBAY, INC., ACE COINS, and ROBERT BAGANZ<br><br>    Defendants. | Case No. 2:06-CV-242 DAK<br><br>**REPORT AND RECOMMENDATION** |

Before the court are two Motions to Dismiss. (Documents #4 and 19.) One Motion to Dismiss was filed by Defendant eBay, Inc. ("eBay"), who argues that Plaintiff's complaint should be dismissed for improper venue or, in the alternative, for failure to state a claim upon which relief can be granted. (Document #4.) The second Motion to Dismiss was filed by Defendant Ace Coins, who argues that Plaintiff's complaint should be dismissed because the facts alleged support neither a Section 1983 nor a Section 1985 claim, the two claims Plaintiff has asserted against Ace Coins. The court has not received any information that Defendant Robert Baganz has been served in this case and he has not entered an appearance.

Having carefully reviewed the pleadings and having heard oral arguments, the court recommends that Defendants' Motions to Dismiss be granted.

**BACKGROUND**

Tetyana Nazaruk is a *pro se* plaintiff who filed a complaint against Defendants on March 22, 2006, when she was also allowed to proceed *in forma pauperis*. (Documents #1-3.) The case was assigned to United States District Judge Dale A. Kimball. (Document #3.) On July 20, 2006, Judge Kimball referred the case to United States Magistrate Judge Samuel Alba pursuant to 28 U.S.C. § 636(b)(1)(B). (Document #17.)

On June 6, 2006, Defendant eBay filed its Motion to Dismiss. (Document #4.) Plaintiff filed her response to the Motion to Dismiss on June 9, 2006. (Documents #10, 12.) Defendant eBay filed a reply to Plaintiff's response on June 29, 2006. (Document #14.) On August 15, 2006, the court held oral arguments on Defendant eBay's Motion to Dismiss. Plaintiff appeared on her behalf and counsel for eBay appeared on its behalf.

On July 28, 2006, Defendant Ace Coins filed its own Motion to Dismiss. (Document #19.) The court has examined Defendant Ace Coins' Motion to Dismiss, to which Plaintiff has not submitted a written response, and concludes that oral argument would not materially assist the determination of Ace Coins' motion.

**ANALYSIS**

Because Plaintiff is proceeding *pro se*, the court construes her pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The court examines eBay's Motion to Dismiss first, and then examines Ace Coins' Motion to Dismiss.

### A. Defendant eBay's Motion to Dismiss

One of the services offered by eBay on its website is the Feedback Forum. (Document #6, Declaration of Allyson Willoughby, ¶ 5.) This section of the website allows users to post comments about other users with whom they have conducted transactions. (Document #6, ¶ 5.) Plaintiff alleges her constitutional rights have been violated because "Ebay [sic] inc. allows to put national discrimination on web site," (Document #3-1, Complaint, at 4), and "[o]n ebay [sic] acecoins put feedback with abusive words, which are connected with my national background." (Document #3-2.) Thus, Plaintiff alleges that Ace Coins posted statements about her on Plaintiff's eBay feedback page. (Document #3-2, at 1.) Plaintiff does not allege that eBay itself created the offending statements. Instead, Plaintiff claims that eBay, as the publisher through eBay's Feedback Forum of Ace Coins' statements, violated Plaintiff's civil rights under 42 U.S.C. §§ 1983 and 1985. Plaintiff claims eBay's failure to stop Ace Coins from posting its statements, in addition to eBay's act of cancelling Plaintiff's eBay registration, shows that eBay shares Ace Coins' allegedly racist point of view.

Defendant eBay argues that Plaintiff's complaint should be dismissed for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or, in the alternative, for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the court concludes that Plaintiff's Complaint should be dismissed for improper venue, it does not reach eBay's second argument.

It is undisputed that in order to buy or sell on eBay, individuals must first register with eBay. (Document #6, ¶ 3.) As part of the registration process, a potential eBay user must complete a registration form and electronically submit the form to eBay. (Document #6, ¶ 3.) In order to activate the registration process, the potential user is required to read and agree to eBay's User Agreement, which contains the terms and conditions that govern the relationship between eBay and its users. (Document #6, ¶ 3 & Exhibit A.) The potential eBay user must accept the User Agreement by affirmatively clicking on a button that states "I Accept." (Document #6, ¶ 3.) Users who do not click the "I Accept" button are not permitted to complete the registration process. (Document #6, ¶ 3.) eBay's User Agreement contains a dispute resolution provision requiring suits arising out of the User Agreement be filed in an appropriate court in Santa Clara County, California. (Document #6, ¶ 4 & Exhibit A.) Defendant eBay now seeks to enforce that forum selection clause in its User Agreement.

4

Forum selection clauses are "*prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Milk 'N' More, Inc. V. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992) (enforcing a forum selection clause stating that "venue shall be proper under this agreement in Johnson County, Kansas") (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 15 (1972)); *see also Hugger-Mugger, L.L.C. v. Netsuite, Inc.*, 2005 WL 2206128, at *7 (D. Utah Sept. 12, 2005) (enforcing a forum selection clause contained in a clickwrap agreement mandating that any dispute between the parties be adjudicated in Santa Clara County, California, and dismissing action). "The burden lies with . . . the party challenging the enforceability of a forum selection clause." *Id.* at *3. To enforce a forum selection clause, a court must only find that the forum selection clause (1) was part of the agreement between the parties and (2) is enforceable. *See id.* at *4, 7. Both requirements are satisfied in this case.

First, it is undisputed that the forum selection clause was part of the agreement between the parties. Plaintiff has attached to her Complaint documents that show she is a member of eBay and has regularly participated on eBay. (Document #3-2.) As such, Plaintiff was required to expressly agree to the terms of eBay's User Agreement when she established her account. In fact, at oral arguments, Plaintiff essentially admitted that she clicked on the "I Accept" button when registering with eBay.

5

Second, Plaintiff has not met the "heavy burden" necessary to show that enforcement of the forum selection clause would be unreasonable or unjust. *See Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992). The Tenth Circuit has explained that "[o]nly a showing of inconvenience so serious as to foreclose a remedy, perhaps coupled with a showing of bad faith, overreaching or lack of notice would be sufficient to defeat a contractual forum selection clause." *Id.* In addition, this court has previously found that unsupported assertions by a party that it would be more expensive to litigate in another forum do not meet the heavy burden of showing enforcement would be unreasonable or unjust. *See Daley v. Gulf Stream Coach, Inc.*, 2000 WL 33710836, at *3 (D. Utah March 3, 2000) (rejecting a party's argument that it could not afford to litigate in a specified forum, finding that their "conclusory statements [we]re insufficient"); *see also Zions First Nat'l Bank v. Allen*, 688 F. Supp. 1495, 1499 (D. Utah 1988) (rejecting argument that trying this case in the specified forum would be difficult, and rejecting argument that unsophisticated individuals should not be forced to litigate in a big corporation's home forum). Plaintiff has not provided the court with any information, other than her general assertions, that enforcement of the forum selection clause would be unreasonable or unjust. Furthermore, Plaintiff has not shown bad faith, overreaching, or lack of notice was involved in Plaintiff's

agreeing to the User Agreement containing the forum selection clause. As a result, the court concludes that the two requirements necessary for enforcing a forum selection clause are met in this case.

Moreover, the forum selection clause contained in the User Agreement is mandatory and therefore should be enforced. *See Hugger-Mugger*, 2005 WL 2206128, at *7 ("Only a mandatory forum selection clause supersedes the presumption in favor of the plaintiff's choice of forum."); *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318, 321 (10th Cir. 1997) ("Mandatory forum selection clauses 'contain[] clear language showing that jurisdiction is appropriate only in the designated forum.'" (Citation omitted.)). The forum selection clause at issue here provides: "You agree that any claim or dispute you may have against eBay must be resolved by a court located in Santa Clara County, California, except as otherwise agreed by the parties or as described in the Arbitration Option paragraph below." (Document #6, Exhibit A.) Like the word "shall," which the Tenth Circuit has already found "generally indicates mandatory intent," the word "must" connotes a mandatory nature. *Milk 'N' More*, 963 F.2d at 1346.

Plaintiff obviously does not think it is fair for eBay to be able to have this case dismissed for improper venue; however, as the court explained to Plaintiff at the August 15, 2006 hearing, if this case is dismissed for improper venue, Plaintiff will

7

still have the opportunity to file a complaint with a court in Santa Clara County, California. Dismissing the case here for improper venue does not prevent Plaintiff from bringing her claims against eBay.

In conclusion, because the two requirements for enforcing a forum selection clause are met in this case, and because that forum selection clause is mandatory, the court recommends that Defendant eBay's Motion to Dismiss for Improper Venue be granted.

### B. Defendant Ace Coins' Motion to Dismiss

Plaintiff has brought claims against Ace Coins pursuant to 42 U.S.C. §§ 1983 and 1985. Ace Coins argues that Plaintiff has failed to allege facts sufficient to support the elements of either of these claims.

#### 1. Section 1983 Claim

First, Plaintiff has brought a claim under 42 U.S.C. § 1983 against Ace Coins. Section 1983 provides a remedy against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects or causes . . . any citizen . . . to be subjected . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and Laws. . . ." 42 U.S.C. § 1983. Thus, to state a claim for relief in an action brought under Section 1983, Plaintiff must establish that she was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a person acting under color

of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) (per curiam).

Plaintiff's Section 1983 claim against Ace Coins fails because Plaintiff has not established that the alleged deprivation was committed by a person acting under color of state law. No allegation has been made that Ace Coins was acting under color of state law, and even construing the facts of the case liberally, the facts do not support such a claim. As a result, that required element of a Section 1983 claim is not met in this case, and Plaintiff's Section 1983 claim against Ace Coins should be dismissed.

### 2. Section 1985 Claim

Second, Plaintiff has brought a claim under 42 U.S.C. § 1985(3) against Ace Coins. "The essential elements of a Section 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993), *cert. denied*, 510 U.S. 1093 (1994). Section 1985(3) does not itself create any substantive rights; instead, it is a vehicle for vindicating federal rights and privileges which have been defined elsewhere. *See Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 376 (1979) (Powell, J., concurring).

Relying on *United Bhd. of Carpenters & Joiners of America, Local 610, AFL-CIP v. Scott*, 463 U.S. 825, 833 (1983), the Tenth Circuit has clarified that Section 1985(3) "covers only conspiracies 'aimed at interfering with rights that are protected against private, as well as official, encroachment.'" *Tilton*, 6 F.3d at 686 (quoting *Carpenters*, 463 U.S. at 833); *see also Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 278 (1993) (affirming this requirement regarding the type of conspiracies covered by Section 1985(3)). In other words, Section 1985(3) "'does not apply . . . to private conspiracies that are aimed at a right that is by definition a right only against state interference.'" *Bray*, 506 U.S. at 278 (quoting *Carpenters*, 463 U.S. at 833.) The Supreme Court has recognized only two rights that meet this requirement: (1) the right to be free from involuntary servitude and (2) the right of interstate travel. *See Tilton*, 6 F.3d at 686; *see also Brown v. Philip Morris, Inc.*, 250 F.3d 789, 805 (3d Cir. 2001).

Plaintiff has not alleged a violation of either her right to be free from involuntary servitude or of her right to interstate travel. As such, Plaintiff has not alleged one of the two recognized rights covered by Section 1985(3). Consequently, Plaintiff's Section 1985(3) claim against Ace Coins fails and should be dismissed.

**RECOMMENDATION**

Based on the above analysis, the Court concludes the forum selection clause in eBay's User Agreement should be enforced and that Plaintiff has failed to bring a viable Section 1983 or Section 1985 claim against Ace Coins. Therefore, **IT IS RECOMMENDED** that eBay's Motion to Dismiss for Improper Venue (Document #4) be **GRANTED** and Ace Coins' Motion to Dismiss (Document #19) be **GRANTED**.

Copies of the foregoing Report and Recommendation are being mailed to the parties who are hereby notified of their right to object to the same. The parties are further notified that they must file any objections to the Report and Recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

DATED this 24th day of August, 2006.

BY THE COURT:

SAMUEL ALBA
United States Chief Magistrate Judge